BROWN v. ARTMAN et al.

(Circuit Court, E. D. Pennsylvania. December 28, 1908.)

No. 10.

CORPORATIONS (§ 244*)—SHAREHOLDERS—ASSESSMENTS.

A corporate charter provided that on payment of the first installment of 20 per cent. full-paid certificates of common stock and partially-paid certificates of preferred stock should be delivered, and as subsequent installments were paid they should be indorsed on the latter, provided that

after payment of the 20 per cent. the subscribers should no longer be liable for any balance on their subscription, except on such shares as should stand of record on the books in their names at the time any subsequent assessments were made, but the holders of such shares of record on the books of the company at that time should be liable therefor. *Held*, that such proviso operated to relieve the original subscriber only after he had paid the first installment and had transferred his stock to a real owner on the books of the company, and had no reference to an actual owner of stock standing on the books in the name of another, in which case both the real and record owner were liable for subscription calls.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 960–977; . Dec. Dig. § 244.*]

In Equity. Overruling demurrer.

Burr, Brown & Lloyd, for complainant.

F. C. Newbourg, Jr., and James B. Kinley, for defendants.

HOLLAND, District Judge. By leave of court the receiver filed a bill in equity against Allebach, in this district, to enforce the liability of the defendants named therein to the payment of an assessment on the preferred stock in the American Alkali Company. Other persons claimed to be liable for the assessment having been discovered some months later, the receiver, by permission of the court, filed the above-mentioned supplemental bill against Artman and others, seeking to hold these additional defendants therein named liable for the payment of the assessment on certain preferred stocks of the Alkali Company alleged to belong to them. Among the persons named as defendants in the Artman bill were Charles Claxton, who is named as having been the real owner of certain certificates at the date of the assessment, and Simon Loeb, who is named as having been the real owner of certain other certificates in the name of C. F. Wagner, Jr., having caused the certificate to be placed in Wagner's name, the latter having no interest therein, but acting for Loeb and in Loeb's behalf; that is to say, Claxton is sued simply as the real owner of the certificates, and Loeb as the real owner who caused the certificates to be placed in the name of Wagner.

The demurrers filed by Claxton and Loeb are overruled, for the reason that the real owners are liable for the assessment, irrespective of how or why the stock is registered in the name of a third party, and the owner is also liable if he has caused the stock to be placed in the name of the present registered owner. Davis v. Stevens, 17 Blatchf. 255, Fed. Cas. No. 3,653; Borland v. Haven (C. C.) 37 Fed. 394; Ohio Valley Bank v. Hulitt, 204 U. S. 162, 27 Sup. Ct. 179, 51 L. Ed. 423; McDonald, Receiver v. Dewey, 202 U. S. 510, 26 Sup. Ct. 731, 50 L. Ed. 1128. The authorities cited in support of the demurrer simply sustain the proposition that the registered owner can be held liable for assessments on the stock in addition to the liability of the real owner.

The objection that under the contract of subscription and charter, after the payment of the first installment, only holders of shares of record on the books of the company at the time subsequent assessments or

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

calls are made, and they only, can be held liable for the same, cannot relieve the defendants. The provision in the charter is as follows:

"Upon payment of the first installment of 20 per cent. the full-paid certificates of common stock and partially-paid certificates of preferred stock, setting forth that 20 per cent. has been paid thereon, shall be delivered to the subscribers hereto, and as subsequent installments are paid they shall be indorsed on the latter: Provided, however, that after the payment of the 20 per cent. provided for above, amounting to a total of $10 per share, the subscribers hereto shall no longer be liable for any balance on their subscription, excepting upon such shares as shall stand of record on the books of the company in their names, at the time any subsequent assessments or calls are made; but the holders of such shares of record on the books of the company at that time, and they only, shall be liable for the same."

In many jurisdictions the question as to whether the continued liability of original subscribers to stock issued in their name, in the formation of corporations, would make them liable for subsequent calls, even if stock had been sold and transferred on the books of the company, was not clearly settled by the decisions, and we have no doubt but that from the language used the object in inserting this provision was to provide against such future liability of original subscribers who had sold their stock before any subsequent assessments and calls were made. The language used in this provision of the charter shows plainly it was drawn to relieve original subscribers. It deals "with first installment of 20 per centum," upon the payment of which these original subscribers shall receive a certificate, and then it provides that after they have paid the 20 per cent., or $10 per share, these subscribers "shall no longer be liable for any balance on their subscription, excepting upon such shares as shall stand of record on the books of the company in their names at the time any subsequent assessment or call is made." In this, by the contract of subscription and the charter, the "original subscriber" is relieved of any liability for future assessments after he has paid the first and transferred his stock to a real owner on the books of the company.

It is further provided that "the holders of such shares of record on the books of the company at that time, and they only, shall be liable for the same"; that is to say, the holders of such shares on the books of the company shall be liable for the same, and not the original subscriber, solely because he was an original subscriber, but it has no reference to the liability of a real owner of stock standing in the name of another. In such case both are liable. A real owner cannot be included in the language used in the paragraph, as it aims to relieve only an original subscriber from a continued liability on original subscription after he may have sold and transferred his stock on the books of the company. It therefore, in our view, does not relieve either of the demurrants from liability as owners of the stock.

Demurrers are overruled, and the defendants requested to file a plea or answer within 20 days from this date.